Joasmene BACOURT; Sheila Clemenco, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71428.

Agency Nos. A76–410–782, A76–410–783.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided Dec. 16, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Amos Lawrence, Esq., Attorney at Law, San Francisco, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, William C. Minick, Washington, DC, for Respondent.

Before D.W. NELSON, KLEINFELD, and GOULD, Circuit Judges.

## MEMORANDUM **

Joasmene Bacourt and her daughter Sheila Clemenco, natives and citizens of Haiti, appeal the order of the Board of Immigration Appeals ("BIA"), which affirmed the decision of the immigration judge ("IJ") to deny their applications for asylum and withholding of removal. The IJ denied Bacourt's application, finding that Bacourt was not credible. Because substantial evidence in the record supports this decision, we affirm.

In support of the adverse credibility finding, the IJ discusses numerous inconsistencies in Bacourt's application and testimony. Admittedly, some of the inconsistencies the IJ cites are minor and, standing alone, could not justify an adverse credibility finding, *see Vilorio–Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir. 1988). However, several of the inconsistencies cited by the IJ are supported by the record and go to the heart of Bacourt's claims. Therefore, we must uphold the IJ's adverse credibility finding. *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003).

First, the IJ's adverse credibility determination correctly relied on Bacourt's inconsistent testimony regarding crucial elements of her claim of persecution on account of political opinion. Bacourt's testimony about her support of a political candidate, support which allegedly led to her persecution, was inconsistent. Furthermore, Bacourt also inconsistently testified about the alleged invasions of her family home in retribution for her support of this political candidate. Finally, Bacourt's testimony regarding a fire set at her home, conflicted with both her own declaration and her in-court testimony.

Each of these inconsistencies was specifically and cogently described by the IJ, and supported by substantial evidence in the record. Each inconsistency also casts doubt on the events that lie at the heart of Bacourt's application for asylum and therefore cannot be dismissed as "minor."

Second, the IJ also correctly found Bacourt's testimony incredible due to questions about her identity raised by the documentary evidence before the court. For these reasons, Bacourt failed to carry the heavy burden of establishing that the evidence in her favor "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution," and therefore we must uphold the BIA's decision. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Because Bacourt failed to establish eligibility for asylum, she necessarily failed to satisfy the more stringent "clear probability" standard for withholding of removal. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995).

PETITION DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.